## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**James Michael Morgan,**
Petitioner
-vs-
**Charles L. Ryan, et al.,**
Respondents

CV-10-2215-PHX-ROS (JFM)

**REPORT & RECOMMENDATION**
**On Petition for Writ of Habeas Corpus**
**Pursuant to 28 U.S.C. § 2254**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Maricopa County Jail at Phoenix, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 18, 2010 (Doc. 1), challenging Petitioner's 2003 sentence upon revocation of his probation on a 1990 conviction. Petitioner has filed supplemental exhibits (Doc. 8). On March 14, 2011, Respondents filed their Response (Docs. 18-28, 30-31). Petitioner filed a Reply on March 25, 2011 (Doc. 32), and a supplemental reply ("Motion to Clarify") on April 2, 2011.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. PROCEEDINGS AT TRIAL

On May 25, 1989, Petitioner was indicted in Maricopa County Superior Court on three charges of child molestation. (Exhibit A, Indictment.) (Exhibits to the Answer, Docs, 18-28, 30-31, are referenced herein as "Exhibit ___.") Petitioner entered into a written Plea

- 1 -

Agreement (Exhibit B), wherein Petitioner agreed to plead guilty to three amended counts of attempted molestation. On January 20, 1990, Petitioner was sentenced to eight years in prison on Count I, and lifetime probation on Counts II and III.

**B. PROCEEDINGS ON FIRST POST-CONVICTION RELIEF**

On May 15, 1990, Petitioner filed his first PCR Petition, raising a series of claims attacking his conviction and sentence, and seeking a delayed appeal. On August 29, 1990, the trial court granted the request for a delayed appeal, but denied the remainder of the petition. Petitioner did not seek review of that ruling. (Exhibit I, RR 10/21/94 at 1-3).[1]

**C. PROCEEDINGS ON DIRECT APPEAL**

On September 5, 1990, Petitioner filed a Notice of Appeal (Exhibit E), and ultimately filed a *pro per* Opening Brief. On January 23, 1992, the Arizona Court of Appeals denied the appeal, and affirmed Petitioner's convictions and sentences. (Exhibit F, Mem. Dec.) Petitioner sought review by the Arizona Supreme Court, which was denied on August 11, 1992. (Exhibit G, Order.)

**D. FIRST FEDERAL HABEAS PROCEEDING**

On March 9, 1993, Petitioner filed his first federal Petition for Writ of Habeas Corpus in CV-93-0446-PHX-PGR-MM. Petitioner raised nine grounds for relief challenging his arrest, *Miranda* warnings, absence of preliminary hearing, excessive bail, confession, duplicitous indictment, pre-charge detention, and ineffective assistance of counsel. (Exhibit I, RR 10/21/94 at 6-7.) That petition was initially dismissed for failure to exhaust, based upon an assertion in the petition that Petitioner's appeal to the Arizona Supreme Court had not yet been decided. (Exhibit H, Order 4/12/93.) Eventually, however, the petition was

---

[1] No records have been provided concerning these proceedings, and these findings are based upon findings in the Report & Recommendation in Petitioner's prior federal habeas proceeding, CV-93-0446-PHX-PGR-MM.

disposed of on the merits. (Exhibit J, Order 8/9/95.) Petitioner sought reconsideration (Exhibit MM), which was denied (Exhibit NN, Order 9/27/95.)

Petitioner sought to appeal to the Ninth Circuit Court of Appeals, who denied a "certificate of probable cause" on August 16, 1996 (Exhibit OO).

**E. PROCEEDINGS ON SECOND POST-CONVICTION RELIEF**

On January 9, 1996, (during the pendency of his appeal to the Ninth Circuit) Petitioner filed his second PCR Petition (Exhibit L). He filed a Supplemental Petition (Exhibit N) on April 9, 1996, and an Amendment (Exhibit M) on May 13, 1996. That Petition was dismissed on August 1, 1996 (Exhibit X, Docket), and Petitioner did not seek review. (Answer, Doc. 18 at 6.)

**F. REVOCATION OF PROBATION**

On March 14, 2003, Petitioner's probation on Count II was revoked, and he was sentenced to 10 years in prison on that count. He was reinstated on lifetime probation on Count III. (Exhibit K, Sentence 3/14/03.)

The revocation was based upon findings that:

> 3. Term 17; 5 provides that "At the direction of the probation officer, [defendant] must attend, actively participate and remain in sex offender treatment."
> 4. A written directive was given to defendant on April 9, 2001. Defendant signed the form. This form directed Defendant to remain in sex offender treatment.
> 5. On or about December 17, 2002, Defendant was terminated from his sex offender treatment program. The evidence established that Defendant had not been truthful during treatment and that this lack of honesty was a material responsibility to the continued treatment.

(Reply, Doc. 32, Attachment 2, M.E. 2/27/03.)

**G. PROCEEDINGS ON THIRD PCR PETITION**

On April 30, 2003, Petitioner filed a Notice of Post-Conviction Relief (Exhibit P). The public defender was appointed to represent Petitioner, and other counsel substituted. On

December 9, 2003, the proceeding was dismissed for failure to file a PCR petition. (Exhibit O, M.E. 12/9/3.) Petitioner filed a Motion for Reconsideration (Exhibit Q) and PCR Petition (Exhibit R). The motion for reconsideration was denied. (Exhibit S, M.E. 1/21/04.)

**H.  PROCEEDINGS ON FOURTH PCR PETITION**

On March 9, 2007, Petitioner filed through counsel his fourth PCR petition (Exhibit T). The Petition was ruled untimely, and the claims precluded, and the petition was dismissed. (Exhibit C, M.E. 4/23/07.)

Petitioner sought review by the Arizona Court of Appeals, which was denied on January 16, 2008. (Exhibit U, Order.) Petitioner sought review by the Arizona Supreme Court, which was denied on May 29, 2008. (Exhibit V, Order.)

**I.  PROCEEDINGS ON FIFTH PCR PETITION**

On August 19, 2008, Petitioner filed *pro se* a PCR Notice (Exhibit W) and his fifth PCR petition (Exhibit Y). The Petition was ruled untimely, and the petition was dismissed. (Exhibit Z, M.E. 8/28/08.)

On January 5, 2009, Petitioner filed a Motion for Reconsideration (Exhibit AA), and a motion to extend time to seek review. The latter was denied on February 2, 2009 (Exhibit BB, M.E.)

Petitioner then filed a request to file a special action. The Arizona Court of Appeals found that Petitioner's failure to file a timely Petition for Review was not Petitioner's fault, and deemed the request a timely petition for review "from the trial court's summary dismissal of post-conviction relief proceedings on August 28, 2008." (Exhibit II, Order 7/10/09.) Petitioner was given leave to file a supplemental petition for review. (*Id.*) Ultimately, the petition for review was denied. (Exhibit LL, Order 9/9/10.)

**J.  PROCEEDINGS ON SIXTH PCR PETITION**

On April 8, 2009 (while proceedings were continuing on his fifth PCR petition),

Petitioner filed another PCR Notice (Exhibit CC), and on April 21, 2009, filed his sixth PCR Petition (Exhibit DD). The PCR Court found the petition untimely, and the claims precluded or waived, and dismissed the Petition. (Exhibit EE, M.E. 9/17/09.)

Petitioner sought an extension of time from the Arizona Court of Appeals to file a petition for review. The request was denied on October 16, 2009, and Petitioner directed to seek relief from the PCR court. (Exhibit FF, Order.) Petitioner then sought from the PCR court an extension of time to file a petition for review, which was denied on November 27, 2009. (Exhibit GG, M.E.) In the interim, Petitioner filed his Petition for Review on November 6, 2009. The Arizona Court of Appeals dismissed the petition as untimely. (Exhibit HH, Order 12/3/9.)

## K. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 18, 2010 (Doc. 1). The Petition was dated October 8, 2010 (*id.* at 11). Petitioner's Petition asserts the following grounds for relief:

1. **Denial of Right to Appeal Probation Revocation** - Denial of his right to appeal the revocation of his probation based upon an improper ruling of preclusion, in violation of his First Amendment rights to redress grievances and his Fifth and Fourteenth Amendment rights of equal protection.

2. **Insufficient Evidence of Probation Violation** - Actual innocence of the probation violation, resulting in a revocation in violation of the Fourteenth Amendment's due process clause.

3. **Unconstitutional Sentence on Revocation** - The sentence rendered on revocation of his probation was cruel and unusual, and was based upon a vague sentencing statute in violation of equal protection and due process.

4. **Plea to Conviction was Unknowing** - Petitioner plead guilty to the conviction without knowing the actual charges, was prevented from asserting his

- 5 -

innocence, and was under the influence of psychotropic medications at the time of the plea.

On November 29, 2010, Petitioner filed additional exhibits (Doc. 8). (Order 1/11/11, Doc. 10.)

**Response** - On May 2, 2011, Respondents filed their Response ("Answer") (Doc. 34).[2] Respondents argue that the Petition is an impermissible successive petition, is barred by the statute of limitations, and the claims are without merit or Petitioner's state remedies on them were procedurally barred or are procedurally defaulted.

**Reply** - On March 25, 2011, Petitioner filed a Reply (Doc. 32). Liberally construed, Petitioner's reply argues that he is entitled to equitable tolling because: (1) his counsel failed to timely file a PCR petition in his third PCR proceeding; and (2) he was transferred to Reeves County Detention Center in Pecos, Texas on April 29, 2005 and remained there until December 19, 2006, during which time he retained counsel DeLozier who discovered that Petitioner's counsel in the revocation proceedings had been hospitalized. (*Id.* at 1-4.) Petitioner argues that the instant Petition challenges his sentence upon revocation of his probation, and therefore is not second or successive, and in any event the Court should exercise discretion to hear the Petition. (*Id.* at 5-6.) Petitioner asserts that any procedural bar or default should be excused based upon cause and prejudice, with the cause being the denial of his right to appeal and the ineffective assistance of trial counsel in failing to file an appeal due to her hospitalization.[3] (*Id.* at 6.) Petitioner further asserts his actual innocence of the probation violation. (*Id.* at 11.) Petitioner further argues the merits of his claims

---

[2] Respondents have greatly complicated the Court's review of the record by presenting exhibits in no discernible order, broken into a jumble of separate attachments, filed in a series of separate docket entries, and all apparently of extremely high density scans with resulting large file sizes. Counsel is encouraged to review the District's CM/ECF manual, and to use care in scanning and assembling exhibits.

[3] Petitioner also argues that trial counsel was ineffective. Such ineffectiveness would have predated, and thus could not have been the "cause" of Petitioner's failure to fairly present his claims to the state appellate courts.

On April 2, 2011, Petitioner filed a Motion to Clarify (Doc. 33), which the Court construed as a supplement to the reply. (Order 5/2/11, Doc. 34.) The supplement argues the merits of Petitioner's claims.

## III. APPLICATION OF LAW TO FACTS

### A. SECOND OR SUCCESSIVE PETITION

Respondents argue that the Petition is barred as a second or successive habeas petition. This is indeed Petitioner's second federal habeas proceeding arising out of his 1990 convictions.

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). Moreover, a claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244b(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Petitioner makes no assertion that he has sought or obtained such permission. Respondents assert that their search of the records had shown no application for such permission. (Answer, Doc. 18 at 10.)

These requirements are jurisdictional, and may not be waived by Respondents. *See U.S. v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (successive petition limitation on § 2255 petitions jurisdictional); and *Torres v. Senkowski*, 316 F.3d 147, 151 (2nd Cir. 2003) (successive petition limitation not waivable by failure to object).

**Previously Asserted Claims** - With the exception of his Ground 4, all of Petitioner's claims in the current Petition arise out of his 2003 probation revocation and subsequent proceedings. Accordingly, none of these claims were asserted in his 1993 federal habeas proceeding. Moreover, a review of the claims asserted in that proceedings shows no claim that the plea was involuntary. (*See* Exhibit I, R&R, 10/21/94.)

**Second Petition** - This Petition is, however, undeniably a second or successive petition, with regard to the entire prosecution. However, "both § 2254(b)'s text and the relief

it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson,* 130 S.Ct. 2788, 2797 (2010). Thus, in *Magwood*, a claim attacking a pre-existing portion of an amended judgment, where the original judgment had been attacked in an earlier federal habeas, was still an attack on the new, amended judgment. As such, the new habeas was not a second attack on the earlier judgment, but a first attack on the amended judgment.

In contrast to *Magwood*, in *Hill v. State of Alaska*, the Ninth Circuit noted that the terms "second or successive" was not defined but was a term of art derivative from the "abuse-of-the-writ" doctrine developed in pre-AEDPA cases. 297 F.3d 895, 897-898 (9th Cir. 2002). The Petitioner in *Hill* had filed a habeas petition attacking his conviction and sentence. Subsequently, he was denied parole, and sought to challenge that denial in a second habeas petition. The court drew on the abuse-of-the-writ doctrine to find that just because "a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition "second or successive." *Id.* at 898. Thus the court adopted the Eighth and Fifth Circuit's rulings that a petition should not be deemed successive "if the prisoner did not have an opportunity to challenge the state's conduct in a prior petition." *Id.* For such petitions, the petitioner "is not obliged to secure [the Court of Appeals']permission prior to filing his habeas petition in the district court." *Id.* at 899.

Under the reasoning of *Hill*, Petitioner would have had the opportunity to raise his challenge to his plea in the 1996 federal habeas, rendering his current Petition successive as to Ground 4, and mandating the dismissal of that Ground as successive.

However, *Magwood* specifically rejected the state's argument that the successiveness of a claim should depend on whether "the petitioner had a full and fair opportunity to raise [a claim] in a prior application." 130 S.Ct. at 2798. Moreover, the Court held that § 2244(b) applied to second or successive "applications" and not to individual "claims". *Id.* "AEDPA's text commands a more straightforward rule: where...there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all. *Id.* at 2802 (quoting *Burton*, 549 U.S. at 156).

*Magwood* went on to reject complaints by the state that "a sentence and conviction form a single 'judgment'," and therefore a new sentence following the grant of habeas petition directed only at the sentence would reopen any challenges to the underlying conviction as well. The Court rejected the argument.

> This case gives us no occasion to address that question, because Magwood has not attempted to challenge his underlying conviction. We base our conclusion on the text, and that text is not altered by consequences the State speculates will follow in another case.

*Id.* at 2802-2803. At least one judge has concluded that this amounts to an exception or limitation to the holding in *Magwood*, excluding from its reach challenges to a prior, undisturbed conviction, even though memorialized in a new judgment. *See Hawkins v. U.S.*, 2011 WL 2533658 (E.D. Mich. 2011). However, the undersigned reads this portion of *Magwood* not as leaving an exception, but as an indication that it's holding was based upon the language of the statutes which admit of no exceptions for "new" judgments based upon the source of the claim.

Indeed, that was the source of Justice Kennedy's key dispute with the majority opinion. Justice Kennedy complained that "the Court's holding today would allow a challenger in Magwood's position to raise any challenge to the guilt phase of the criminal judgment against him in his second application, since a 'new' judgment-consisting of both the conviction and sentence-has now been reentered and all of the errors have (apparently) occurred anew." 130 S.Ct. at 2808 (Kennedy, J., dissenting). Conversely, the dissent argued it would preclude a second petition challenging a post-first-petition denial of parole because the Petitioner would still be under the same judgment. *Id.*

In responding to this portion of the dissent, the majority opinion simply recognized that its opinion was not a constraint on the scope of § 2254, but only an attempt to define how § 2244(b) applied to "an application challenging a new state-court judgment for the first time." 130 S.Ct. at 2800, n. 12.

That distinction appears to be the key to this case. Here, Petitioner's 2003 judgment was not a "new" judgment replacing an earlier conviction and sentence, as was the one in

*Magwood* and *Hill*. Rather it was a separate judgment based upon a finding of guilt of violating probation, and assessing a sentence based upon that determination. ("IT IS THE JUDGMENT of the Court that Defendant violated the terms of probation." Exhibit K, Sentence, 3/20/03 at 1.) While the probation violation judgment depended upon the existence of the earlier conviction and sentence judgment, it did not supplant the judgment. That 1990 judgment remains fully in place, and to the extent that Petitioner's Petitioner attacks the 1990 judgment, it is a second petition.

In this proceeding, with the exception of Ground 4, Petitioner challenges only the validity of his custody based upon the sentence on the revocation of his probation. To that extent, the Petition is not successive.

On the other hand, in Ground 4, Petitioner attacks the validity of his plea in the original prosecution. Nonetheless, Petitioner argues that it is only the 2003 judgment which he is challenging, "although by necessity the very nature of this challenge, it stems from circumstances involved during the original prosecution procedure." (Petition, Doc. 1 at 10.) The substance of his claim in Ground 4 is, however, directed solely at the validity of the 1990 judgment. Therefore, notwithstanding the imposition of the probation violation judgment in 2003, Petitioner's challenge to the 1990 judgment is a second application on that judgment.

**Exceptions to Second or Successive Bar** - Prior to the AEDPA, the abuse-of-the-writ doctrine was subject to exceptions under the "cause and prejudice" standard. *McCleskey v. Zant,* 499 U.S. 467, 494 (1991). Now, however, those standards have been replaced by the narrow exceptions in 28 U.S.C. § 2244(b)(2). *See* Hertz & Liebman, *Fed. Habeas Corpus Pract. & Proc. 5th ed.* § 28.3(e) ("provision replaces the pre-existing standards"). Those exceptions are limited to new rules of constitutional law, § 2244(b)(2)(A), or newly discovered facts that establish actual innocence, § 2244(b)(2)(B).

Although Petitioner's Ground 4 appears to be based on neither, the exceptions in § 2244(b)(2) may not be asserted for the first time before the district court. Rather, Petitioner is required to assert his grounds for making a second or successive petition before the Ninth

Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this Court is without jurisdiction to make the initial determination whether Petitioner qualifies to proceed with his successive petition.

**Response to Mixed Petition** - The statute directs that a "claim" in a second or successive petition "shall be dismissed." 28 U.S.C. § 2244(b)(2). The Ninth Circuit's Rule 22-3(a) provides: "If a second or successive petition or motion, or an application for leave to file such a petition or motion is mistakenly submitted to the district court, the district court shall *refer* it to the court of appeals." (Emphasis added.)

The undersigned does not understand this mandate to "refer" to be the same as a transfer to a court of proper jurisdiction by a court lacking jurisdiction under 28 U.S.C. § 1631. *See Hoke v. Schriro*, CV-05-4207-PHX-MHM-JRI, Doc. 49, 2008 WL 5087416 (dismissing successive claims and referring the petitioner to the Ninth Circuit.) *But see Hoke*, Doc. 47, Report & Recommendation, 2008 WL 5100848, *9 *et seq.* (analyzing precedent and recommending transfer of entire mixed petition)*; and Lucas v. Salazar*, 2011 WL 1258253, *9 (noting disagreement over treatment of mixed petitions, but directing dismissal).

Consequently, this Court should dismiss Ground 4 "and refer Petitioner to the courts of appeals by providing him with the necessary forms to file his petition with the Ninth Circuit." *Hoke*, Doc. 49 at 3-4, 2008 WL 5087416, *2.


**B. TIMELINESS**

**1. One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to

28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**2. Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] For purposes of 28 U.S.C. § 2244, "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999).

Respondents contend that the limitations period commenced upon the conclusion of review on Petitioner's 1990 conviction and sentence.

In *Burton v. Stewart*, 549 U.S. 147 (2007), the Court concluded that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means the sentence. The sentence is the judgment." *Id.* at 156 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). *See also Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007) (holding re-sentencing judgment is relevant one, even if challenge is directed only to earlier conviction). Here, the sentence being principally attacked by Petitioner is not his 1990 sentence upon the original conviction, but his 2003 sentence upon revocation of probation.[5]

_____

[4] While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide various exceptions, including newly recognized claims and newly discovered factual predicates, *see* 28 U.S.C. § 2244(d)(1), Petitioner does not assert any of these apply. It does not appear to the undersigned that these have any application.

[5] Arguably, Petitioner's Ground 4 is an attack on the 1990 judgment/sentence. If treated as such, the petition would be all the more untimely, but the outcome would be the same.

- 12 -

Thus, Petitioner's limitations period commenced at the time his 2003 sentence became final upon conclusion of its direct review, or the expiration of time for such review. Having not admitted the violation of probation, Petitioner had a right to appeal the judgment on revocation. Under Ariz. R. Crim. Proc. 31.3, Petitioner had 20 days from entry of the judgment and sentence to file his notice of appeal. Because it does not affect the outcome, the undersigned presumes that the date of filing of the judgment, March 20, 2003, rather than its pronouncement, March 14, 2003, constitutes the date of entry. (*See* Exhibit K, Sentence.) Consequently, the undersigned presumes that Petitioner's conviction became final no later than Wednesday, April 9, 2003.

Thus, barring any statutory tolling, Petitioner's one year began to run after April 9, 2003, and he had through April 9, 2004 to file his federal habeas petition. Barring any tolling, his 2010 federal habeas petition was too late.

**3. Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

**Tolling from Third PCR Petition** - Petitioner's third PCR proceeding was commenced with the filing of his PCR Notice (Exhibit P) on April 30, 2003. As of that date, at least 21 days of Petitioner's one year had expired, leaving him with 344 days to file his federal petition. That PCR proceeding continued at least until December 9, 2003 when the PCR court dismissed the proceeding for failure to file a PCR petition. (Exhibit O, M.E. 12/9/3.)

Petitioner subsequently filed a Motion for Reconsideration (Exhibit Q) and PCR Petition (Exhibit R). The motion for reconsideration was denied. (Exhibit S, M.E. 1/21/04.) Because it does not affect the outcome, the undersigned presumes for purposes of this Report & Recommendation that this proceeding remained pending through the denial of the motion for reconsideration. *See* Ariz. R. Crim. Proc. 32.9 (providing for motion for rehearing, and

- 13 -

counting of time for review from final decision on motion for rehearing).

Although it is unclear whether statutory tolling includes the time during which a petitioner could have, but did not, seek further review of a state post-conviction application, *see Lopez v. Arizona*, CV-10-2159-JPHX-JAT-JRI, 2011 WL 3471084 (D. Ariz. 2011), because it does not affect the outcome, the undersigned presumes for purposes of this report and recommendation that it does.

Petitioner had 30 days after the denial of his motion for reconsideration to petition for review by the Arizona Court of Appeals. *Id.* Consequently, the undersigned presumes the time for Petitioner' petition for review expired on Friday, February 20, 2004, and that Petitioner's tolling from his third PCR petition ended that date.

With 344 of his one year remaining, Petitioner's one year expired no later than Monday, January 31, 2005.

**Fourth PCR Petition** - Petitioner's next state application was his fourth PCR petition (Exhibit T), filed on March 9, 2007. By that date, his one year had been expired for over two years. Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Moreover, that fourth PCR petition was ruled untimely. (Exhibit C, M.E. 4/23/07.) In *Allen v. Siebert*, 552 U.S. 3 (2007), the Supreme Court reiterated their holding in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) that when a state post-conviction petition is untimely under state law, then it is not "properly filed" within the meaning of § 2244(d)(2) for purposes of statutory tolling, and it is irrelevant whether the time limit is jurisdictional, an affirmative defense, or something in between. Thus, Petitioner would not, in any event, be entitled to any tolling for this proceeding.

**Fifth and Sixth PCR Petitions** - Petitioner's fifth and sixth PCR proceedings were similarly filed beyond the expiration of the one year, were deemed untimely, and do not result in any statutory tolling.

Accordingly, Petitioner was not entitled to any statutory tolling, his one year expired

on January 31, 2005, and his Petition filed in October, 2010 was over five and a half years delinquent.

**4. Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). *See also Holland v. Florida*, 130 S.Ct. 2549 (2010).

In his Petition, Petitioner argues that his delay should be excused because he had no effective means to a meaningful appeal in any state court. (Doc. 1 at 11.) While the absence of an effective state remedy may excuse a failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(1)(B)(ii), it does not establish an excuse for delay in bringing a federal habeas petition.

In his Reply, Petitioner argues that he is entitled to equitable tolling because: (1) his counsel failed to timely file a PCR petition in his third PCR proceeding; and (2) he was transferred to Reeves County Detention Center in Pecos, Texas on April 29, 2005 and remained there until December 19, 2006, during which time he retained counsel DeLozier who discovered that Petitioner's counsel in the revocation proceedings had been hospitalized. (*Id.* at 1-4.)

It should be noted that a prisoner's *pro se* status is not an extraordinary circumstance. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000). And, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999). And, mere inaction by counsel does not establish extraordinary circumstances justifying equitable tolling. Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.' " *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010).

Petitioner makes no suggestion of any facts upon which the Court could base a finding of the kind of extraordinary malfeasance by counsel which would justify equitable tolling.

Moreover, none of these circumstances explain Petitioner's failure to timely pursue a federal habeas petition during the time the undersigned has presumed his one year was running, *i.e.* prior to his third PCR petition and from March 20, 2004 (the expiration of his time to seek review on his Motion for Reconsideration) through January 31, 2005. Petitioner was aware, at least as of his January 12, 2004 Motion for Reconsideration (Exhibit Q) that PCR counsel had failed to file a PCR petition. (*See also* Exhibit R. PCR Pet. 1/12/04 at 9-11 (outlining failure of counsel to file petition).) Counsel's failure in filing a timely PCR petition did not thereafter preclude Plaintiff from filing a federal habeas petition. Moreover, Petitioner was not transferred to Pecos, Texas until April 29, 2005, after his one year had already expired. Consequently, no disabilities related to that subsequent transfer hindered him from filing during the one year.

Even if this Court could somehow conclude that Petitioner was entitled to equitable tolling for all the time before and between his third and fourth PCR proceedings when he was represented by new counsel, such tolling would not make the current habeas petition timely. When equitable tolling applies, its effect is to suspend the running of the statute of limitations. *Benge v. U.S.*, 17 F.3d 1286, 1289 (10th Cir. 1994). The application of equitable

tolling does not mean that the limitations period begins over again. *Id.* Rather, upon expiration of the equitable tolling period, the remainder of the unexpired limitations period begins to run again, subject to whatever further statutory or equitable tolling may apply.

Petitioner's fourth (Exhibit C, M.E. 4/23/07), fifth (Exhibit Z, M.E. 8/28/08), and sixth (Exhibit EE, M.E. 9/17/09) PCR petitions were all dismissed as untimely, and thus would not entitle Petitioner to any statutory tolling. Consequently, even if granted equitable tolling, Petitioner's limitations period would have commenced running no later than April 21, 2007, and expired on April 20, 2008, making his October, 2010 federal habeas petition almost 2 and one half years delinquent

Even if deemed entitled to equitable tolling until the conclusion of his fourth PCR proceeding on May 29, 2008 (Exhibit V, Order), that would not be sufficient to have rendered his petition, filed almost 17 months thereafter, to have bene timely.

## 5. Actual Innocence

Petitioner asserts that he was actually innocent of the probation violation to which he pled. (Petition, Doc. 1 at 7, *et seq.*) There is an actual innocence exception to the AEDPA statute of limitations. *Lee v. Lampert,* 653 F.3d 929 (9th Cir. 2011). However, Petitioner fails to meet the standard for actual innocence.

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id.* at 329. This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir.2002).

Extrapolating to the context of a probation violation, Petitioner must show that no reasonable trial judge would have found his probation violated in light of new evidence presented in his habeas petition. Here, Petitioner offers no new evidence of his innocence

- 17 -

of violating his probation.

Petitioner's argument runs thus: his probation was revoked for being removed from his therapy group; he was removed from his therapy group because he failed a polygraph; he was not permitted to seek a new therapy group; the polygraph question he failed related to whether he had an intent to abscond to Mexico ("Have you told me everything about Mexico?") and that question had no relevance to his sex-offender treatment. (Reply, Doc. 32 at 10-11.)

The revocation was based upon findings by the trial court that:

3.  Term 17; 5 provides that "At the direction of the probation officer, [defendant] must attend, actively participate and remain in sex offender treatment."
4.  A written directive was given to defendant on April 9, 2001. Defendant signed the form. This form directed Defendant to remain in sex offender treatment.
5.  On or about December 17,2002, Defendant was terminated from his sex offender treatment program. The evidence established that Defendant had not been truthful during treatment and that this lack of honesty was a material responsibility to the continued treatment.

(Reply, Doc. 32, Attachment 2, M.E. 2/27/03.) Petitioner's allegations do not refute those findings. Petitioner does not deny a mandate to participate in sex offender treatment, or his knowledge of it. Nor do Petitioner's arguments refute the court's finding that he had "not been truthful during treatment" nor that his truthfulness "was a material responsibility to the continued treatment." Instead, Petitioner simply takes exception with the question he was asked when he purportedly was untruthful. However, Petitioner points to no explicit limitation on the questions permissible in such a polygraph.[6] Nor does Petitioner assert any mandate that he be permitted to transfer to a new treatment program.

Moreover, Petitioner does not assert that any of his arguments are new evidence. Petitioner presents the same evidence argued to the Arizona courts in his fourth PCR petition

---

[6] By Petitioner's own admission, the question was directed towards fears that Petitioner was planning to abscond to Mexico. A plan to abscond is highly relevant to an ongoing treatment program; treatment could not occur in Petitioner's absence. Morever, any dishonesty in therapy would seem relevant to the relationship between the patient and therapist.

on the basis of the transcripts from the revocation hearing. (Exhibit T at 5-8, citing R.T. 2/24/03 and R.T. 1/27/03.)

Accordingly, the undersigned finds that Petitioner had failed to present new evidence establishing his actual innocence sufficient to pass through the *Schlup* gateway, and thus he is not entitled to relief from his failure to comply with the statute of limitations.

**5. Summary**

Petitioner's judgment became final no later than April 9, 2003, upon expiration of his time to file a direct appeal from his revocation of probation. Petitioner was entitled to statutory tolling for the pendency of his third PCR petition, which the undersigned has presumed to extend from April 30, 2003 through February 20, 2004. His one year began to run again thereafter and expired February 20, 2005. No state applications were pending until after the one year expired. Petitioner has failed to show that he is entitled to equitable tolling. Even if the Court were inclined to grant Petitioner equitable tolling for the time before, during and between his third and fourth PCR proceedings, no statutory tolling was available to him thereafter, leaving his Petition delinquent. Accordingly, the Petition must be dismissed with prejudice as untimely.

**C. PROCEDURAL DEFAULT AND MERITS**

Respondents contend that Petitioner's claims are procedurally barred or procedurally defaulted, and/or are without merit. Because the undersigned finds the Petition clearly barred under the statute of limitations, these issues are not reached.

**D. SUMMARY**

Petitioner's Ground 4 is a second or successive petition, and must be dismissed without prejudice and Petitioner referred to the Ninth Circuit. The entire Petition (including Ground 4 if not dismissed without prejudice as second or successive) is barred by the statute of limitations, and should be dismissed with prejudice as time barred.

# IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court," or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.  Under the reasoning set forth herein,  the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."   Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition,  a certificate of appealability should be denied.

# V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Ground 4 of Petitioner's Petition for Writ of Habeas Corpus, filed October 18, 2010 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** as an unauthorized second or successive petition, and that Petitioner be referred to the Ninth Circuit Courts of Appeals by providing him with the necessary forms to file his petition with the Ninth Circuit.

**IT IS FURTHER RECOMMENDED,** in the alternative, that Ground 4 of Petitioner's Petition for Writ of Habeas Corpus, filed October 18, 2010 (Doc. 1) be **DISMISSED WITH PREJUDICE** as time barred.

**IT IS FURTHER RECOMMENDED** that the balance of Petitioner's Petition for Writ of Habeas Corpus, filed October 18, 2010 (Doc. 1) be **DISMISSED WITH PREJUDICE** as time barred.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

# V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),

and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: November 28, 2011

JAMES F. METCALF
United States Magistrate Judge